ROGER T. SHARP # 2924
2825 East Cottonwood Parkway, #500
Salt Lake City, UT 84121
Telephone: (801) 990-3405
Facsimile: (801) 990-3406
rogersharp@comcast.net

SUSAN BLACK DUNN #3784
DUNN & DUNN, P.C.
505 East 200 South, 2nd Floor
Salt Lake City, Utah 84102
Telephone: (801) 521-6677
Facsimile: (801) 521-9998
sblack@dunndunn.com

*Attorneys for Mary Kathryn Anglesey and all the heirs of Christopher Scott Anglesey (deceased)*

FILED
U.S. DISTRICT COURT
2011 AUG 16  P 2: 55
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| MARY KATHRYN ANGLESEY, as surviving spouse of CHRISTOPHER SCOTT ANGLESEY, deceased; individually and on behalf of all heirs,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, GEORGE WAHLEN VETERANS ADMINISTRATION HOSPITAL, CLINT D. BARNETT, M.D., TODD ARYAN CLEVENGER, M.D., AND LON M. BARONNE, M.D. and JOHN DOES 1-X<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br><br>Case: 2:11cv00741<br>Assigned To : Benson, Dee<br>Assign. Date : 8/16/2011<br>Description: Anglesey et al v. USA et al |

Plaintiff Mary Kathryn Anglesey, surviving spouse of Christopher Scott

Anglesey, deceased, individually and on behalf of all of the heirs of Christopher Scott

1

Anglesey by and through her attorneys of record, Roger T. Sharp and Susan Black Dunn, hereby complains against Defendants and alleges the following:

## I. GENERAL NATURE OF THE CLAIMS

Christopher Scott Anglesey (hereinafter "Mr. Anglesey"), deceased, was admitted to the George Wahlen Veterans Administration Hospital in Salt Lake City, Utah (hereinafter "VA Hospital"), owned and operated by the United States of America on or about July 10, 2010, for injury to his right leg. He was later discharged on July 11, 2010, without the benefit of surgery and despite demonstrating respiratory problems. He was prescribed various pain and other medications at that time. He was told he would be scheduled for surgery at a later date.

Mr. Anglesey was re-admitted to the VA Hospital on or about July 14, 2010, following an additional fall. He was admitted to the hospital for monitoring and pain management and was discharged later in the day on July 14, 2010, again without the benefit of surgery and despite continuing to demonstrate respiratory problems. He was told that surgery would be scheduled "in the future" following his second discharge from the hospital. Again, he was prescribed various pain and other medications at this time.

On or about July 16, 2010, Mr. Anglesey was found unresponsive at his home, and he died shortly thereafter. According to the death certificate and autopsy report, the cause of death was "mixed drug intoxication and pulmonary emboli" as a consequence of his care and treatment at the VA Hospital for his right leg fracture.

Mr. Anglesey is survived by his parents, wife and children. Plaintiff Mary Kathryn Anglesey brings this complaint pursuant to the Federal Tort Claims Act as the

surviving spouse of Christopher Scott Anglesey, deceased, individually and on behalf of all the heirs.

## II.     PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mary Kathryn Anglesey (hereinafter "Plaintiff" or "Ms. Anglesey") is the surviving spouse of Christopher Scott Anglesey, who died on July 16, 2010. Mr. and Ms. Anglesey were residents of Tooele County, State of Utah at the time of his death. Mr. and Ms. Anglesey are the parents of five daughters, who are all minors; Erica, Kristen, Nicole, Lauren and Athena. Ms. Anglesey and her children still reside in Tooele County, State of Utah. Mr. Anglesey is also survived by his parents; Scott M. Anglesey and Tami Ann Ursenbach.

2. Defendant United States of America owns and operates Defendant George Wahlen Veterans Administration Hospital in Salt Lake City, Utah. Defendant George Wahlen Veterans Administration Hospital provides medical care and treatment to veterans such as Mr. Anglesey.

3. Defendant United States of America and Defendant George Wahlen Veterans Administration Hospital hired, retained, contracted with, supervised, controlled and is responsible for physicians, pharmacists and other health care providers who gave Mr. Anglesey care and treatment at Defendant George Wahlen Veterans Administration Hospital.

4. Defendants Clint D. Barnett, M.D., Todd Aryan Clevenger, M.D. and Lon M. Baronne, M.D. were at all times relevant to this complaint, physicians and medical care providers at the VA Hospital in the Orthopedic Surgery Department. They each provided care and treatment to Mr. Anglesey at the times of his admissions to the VA

Hospital on July 10, 2010 and again July 14, 2010 and during his hospitalizations on those two occasions.

5. John Does I through X were other individuals or entities that may have provided care or treatment for Mr. Anglesey or committed other acts of negligence or medical malpractice whose identities are not known to Plaintiff at this time.

6. All of the events alleged in this complaint took place in the State of Utah.

7. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1346(b)(1) and the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., (hereinafter "FTCA") which provides that a tort claim which has been administratively denied, may be submitted to a federal district court for judicial consideration.

8. Jurisdiction and Venue are proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1331 and 1346(b) as a claim against the United States pursuant to the FTCA, in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III. FACTS RELATED TO EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff incorporates by reference Paragraphs 1 through 8 of this Complaint.

10. Plaintiff Mary Kathryn Anglesey timely filed and pursued with the Department of Veterans Affairs (hereinafter "Department"), on or about February 4, 2011, an administrative claim for damages, injury or death, consistent with the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (See Notice of Claim attached hereto as Exhibit A.)

11. The six-month Federal Tort Claims Act period under 28 U.S.C. § 2675 has expired with no response from the Department.

12. This Complaint is timely, pursuant to 28 U.S.C. § 2401, as it has been filed within the six-month requirement set forth therein.

13. Plaintiff has exhausted all necessary administrative remedies prior to bringing this action, thus vesting jurisdiction in this Court.

### IV.   GENERAL FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference Paragraphs 1 through 13 of this Complaint.

15. Christopher Scott Anglesey presented to the VA ~~Medical Center~~ Hospital ✓ on or about July 10, 2010, for injury to his right leg, suffered in a fall at his home.

16. He was diagnosed with a right tibial plateau fracture. He was also experiencing respiratory problems. Mr. Anglesey was admitted as an in-patient through the Emergency Department into the Orthopedic Surgery Department. He was admitted for evaluation, including but not limited to surgical evaluation, in-patient monitoring and pain management.

17. Mr. Anglesey was discharged on or about July 11, 2010, without the benefit of surgery. He was issued crutches and was supposed to remain non-weight bearing. He was still experiencing documented continuing respiratory problems. The VA Hospital staff and physicians advised him that he would be scheduled for surgery at a later date in the near future.

18. Upon his discharge on July 11, 2010, Mr. Anglesey was prescribed various pain and other medications. The VA Hospital staff and physicians were aware of and had previously prescribed a number of other medications to Mr. Anglesey.

19. On or about July 14, 2010, Mr. Anglesey suffered another fall at home. He was again admitted to the VA Hospital through the Emergency Department to the Orthopedic Surgery Department.

20. Mr. Anglesey was again admitted for evaluation, including, but not limited to, surgical evaluation, in-patient monitoring and pain management.

21. Mr. Anglesey continued to experience documented respiratory problems.

22. Mr. Anglesey was discharged from the VA Hospital on or about July 14, 2010 again without the benefit of surgery and despite experiencing continued documented respiratory problems. He was supposed to remain non-weight bearing and use his crutches. He was told surgery would be scheduled at a later date in the near future.

23. Upon his discharge from the VA Hospital on July 14, 2010, Mr. Anglesey was again prescribed various pain and other medications. The VA Hospital staff and physicians were aware of and had previously prescribed a number of other medications to Mr. Anglesey.

24. On or about July 16, 2010, Mr. Anglesey was found unresponsive at his home. Despite heroic efforts to revive him, he was declared dead at 9:06 a.m.

25. An autopsy was performed on Mr. Anglesey by State of Utah, Office of the Medical Examiner. According to the autopsy report, at the time of his death, Mr. Anglesey had the following medications in his system: (1) Hydromorphone; (2)

Morphine; (3) Zolpidem; (4) Promethazine; (5) Mirtazepine; and (6) Citalopram. The cause of death listed on Certificate of Death is "Mixed drug intoxication and pulmonary emboli due to (or a consequence of) recent right leg fracture."

26. Physicians and health care providers at the VA Hospital prescribed the above listed medications to Mr. Anglesey and he took them pursuant to the instructions that were given to him.

### V. FIRST CAUSE OF ACTION
(Negligence and Medical Malpractice –
Wrongful Death of Christopher Scott Anglesey)

27. Plaintiff incorporates by reference Paragraphs 1 through 26 of this Complaint into her First Cause of Action.

28. Defendants had a duty to provide reasonable, necessary, appropriate and timely medical care and treatment to Mr. Anglesey that was consistent with the standard of care in the medical community. Defendants breached that duty which ultimately led to Mr. Anglesey's death.

29. Defendants, in violation of applicable standards of care in the medical community, breached the duty in numerous respects, including, but not limited to:

    a. Failure to provide appropriate and adequate oversight and management of the many pain and other medications prescribed for Mr. Anglesey;

    b. Failure to admit and keep Mr. Anglesey for in-patient care and treatment on either July 10, 2010, or July 14, 2010;

    c.    Failure to appropriately and promptly take Mr. Anglesey to surgery at the time he presented to the VA Hospital on either July 10, 2010, or July 14, 2010;

    d.    Failure to appropriately and adequately monitor and treat Mr. Anglesey regarding his respiratory problems, compromise or stress while he was at the hospital or at his home;

    e.    Failure to properly and appropriately treat and monitor Mr. Anglesey after he was discharged from the VA Hospital;

    f.    Failure to properly and adequately treat and care for Mr. Anglesey;

    g.    For other negligent acts of commission and omission that caused the untimely death of Mr. Anglesey.

30. Defendants' breach of their duty, directly and proximately caused Mr. Anglesey's injury, ultimate death and extensive related damages.

31. As a result of Mr. Anglesey's untimely death due to Defendants' negligence, Plaintiff and the heirs of Mr. Anglesey lost his care, comfort, society, protection, affection, love and physical, emotional and financial support.

32. As a direct and proximate cause and result of Defendants' negligence, Plaintiff and the heirs of Mr. Anglesey should be awarded such damages, both economic and non-economic, as are proven at trial.

## VII.   SECOND CAUSE OF ACTION

### (Survival Claim of Christopher Scott Anglesey)

33.   Plaintiff incorporates by reference Paragraphs 1 through 32 of this Complaint into her Second Cause of Action.

34.   As a direct and proximate result of Defendants' careless, negligent and wrongful conduct that was below the standard of care, Mr. Anglesey, sustained severe, permanent and grievous injuries resulting in his death. Prior to his death, he suffered severe pain and discomfort, both mental and physical, due to Defendants' negligence.

35.   Mr. Anglesey, through Plaintiff and the heirs of Mr. Anglesey or through his estate, should be awarded such damages for his conscious pain and suffering prior to his death due to the negligence of Defendants as are proven at trial.

## VII.   THIRD CAUSE OF ACTION
### (Loss of Consortium – Mary Kathryn Anglesey)

36.   Plaintiff incorporates by reference Paragraphs 1 through 35 of this Complaint into her Third Cause of Action.

37.   Plaintiff Mary Kathryn Anglesey was legally married to the decedent Christopher Scott Anglesey at the time of his death.

38.   As a direct and proximate result of Mr. Anglesey's death, Ms. Anglesey has suffered the loss of love, care, comfort, society, companionship, financial, physical and emotional assistance and support of her husband.

39.   Plaintiff Mary Kathryn Anglesey has a statutory claim for loss of consortium pursuant to Utah Code Ann. § 30-2-11 and should be awarded damages as are proven at trial.

## VIII. FOURTH CAUSE OF ACTION
### (Respondeat Superior – United States of America George Wahlen Veterans Hospital)

40. Plaintiff incorporates by reference Paragraphs 1 through 39 of this Complaint into her Fourth Cause of Action.

41. The acts of negligence and medical malpractice alleged in this Complaint were committed by physicians, pharmacists and other health care providers who were and/or are agents, contractors and/or employees of the United States of America and the George Wahlen Veterans Administration Hospital. Therefore, their acts of negligence and medical malpractice are directly attributable to the United States of America and the VA Hospital through the doctrine of respondeat superior and the FTCA.

42. The United States of America's and the VA Hospital's duty to provide medical care and treatment in a non-negligent manner consistent with the standard of care is a non-delegable duty and cannot be eliminated through contract, agreement or otherwise. Therefore, the acts of malpractice and negligence committed by employees, agents and contractors in the course and scope of their agency, employment and contractual relationship, are directly attributable to the United States of America and the VA Hospital.

## IX. DAMAGES

Plaintiff and the heirs of Mr. Anglesey suffered significant injury, damage and loss due to his untimely death caused by the negligence and medical malpractice of Defendants, including but not limited to, the following damages:

1. Mr. Anglesey's conscious pain and suffering, both mental and physical, prior to his death;

2. Medical expenses;

3. Funeral and burial expenses;

4. Lost earnings and financial support;

5. Lost society, love, care, comfort, support, protection and assistance;

6. Mary Kathryn Anglesey's loss of consortium;

7. Attorney fees and costs of suit; and

8. Other reasonable and appropriate economic and non-economic damages as allowed by law.

## X.   PRAYER

WHEREFORE, Plaintiff Mary Kathryn Anglesey, individually and on behalf of all the heirs of Christopher Scott Anglesey requests the Court to enter judgment in her favor against Defendants as follows:

1. General and special damages, economic and non-economic damages, as described hereinabove and as allowed by law;

2. Prejudgment interest on Plaintiff's damages as allowed by law;

3. Attorneys' fees and costs of suit; and

4. Such other reasonable and further relief as the Court may deem just and proper.

## XI.   JURY DEMAND

Plaintiff hereby requests this matter be set for jury trial. The required statutory jury fee is submitted herewith.

DATED this 16th day of August, 2011

ROGER T. SHARP

*/s/ Roger T. Sharp*
ROGER T. SHARP, ESQ.
*Attorney for Mary Kathryn Anglesey, as surviving Spouse of Christopher Scott Anglesey, deceased of all the heirs*

DUNN & DUNN

*/s/ Susan Black Dunn*
SUSAN BLACK DUNN, ESQ
*Attorney for Mary Kathryn Anglesey, as surviving spouse of Christopher Scott Anglesey, deceased of all the heirs*

Plaintiff's Address:

Mary Kathryn Anglesey
c/o Dunn & Dunn & Dunn
505 East 200 South, 2nd Floor
Salt Lake City, UT 84102